C. B. COTTEN in her own right and as Executrix v. SARAH A. and MAGGIE McCLENAHAN.

For principle decided, see syllabus in preceding case.

CIVIL ACTION, tried at Spring Term, 1881, of CHATHAM Superior Court, before *Avery, J.*

The plaintiff submitted to a nonsuit and appealed.

*Mr. John Manning,* for plaintiff.
*Mr. J. H. Headen,* for defendants.

RUFFIN, J. This action was begun on the 10th day of September, 1880. In her complaint the plaintiff alleges that she is the owner by purchase for value of a judgment which one A. H. Merritt had recovered of the defendant, S. A. McClenahan, at spring term, 1870, upon a note executed in February, 1860, which judgment was docketed on the 27th day of June, 1870, and under it an execution was issued in 1870, whereon the sheriff returned "nothing found over the homestead and personal property exemptions;" and that after her purchase of it, she caused the judgment to be revived in her name in 1878. That after making the note above referred to, to-wit, in 1867, the said defendant made a voluntary gift of five hundred dollars to her daughter, the other defendant, who invested it in a lot of land, and one of the objects of the suit is to follow this fund and subject the land to the payment of the plaintiff's demand against the mother.

In addition to the foregoing, the plaintiff alleges that heretofore the defendant, S. A. McClenahan, had sued the plaintiff as the executrix of her deceased husband, on a note executed in 1861, to which action she had pleaded the judgment purchased of Merritt in 1878, as a set off and counter claim, and in the superior court where the said action was tried, her plea was allowed, and she had a judgment against the said S. A. McClenahan, who, however, appealed to the supreme court when the judgment of the superior court was reversed and judgment rendered in her behalf against the present plaintiff.

The answers in substance admit the allegations of the complaint, but both of the defendants plead the statute of

limitations.  On the trial in the court below the issues were, first, whether the defendant, S. A. McClenahan, had, when she made the gift to her daughter, reserved estate sufficient to satisfy her creditors, and secondly, was the plaintiff's action barred by the statute of limitations?

It is impossible for this court to know, so imperfect is the statement of the case which accompanies the record, what proofs were made on the trial.  After setting out the substance of the pleadings (which was altogether needless) it proceeds to say, that after the jury were empanneled and several witnesses were examined, "in addition to the facts already stated," (without saying what those facts are, or giving the statement of a single witness) it was admitted that the defendant, S. A. McClenahan, had given her daughter, the other defendant, the sum of five hundred dollars, which she invested in the lot of land now in her possession, and that an execution had been issued by Merritt in 1870, under the judgment subsequently assigned to the plaintiff, on which the sheriff had returned " nothing to be found over the homestead and personal property exemption."  It then states that it did not appear whether any allotment of homestead or exemption of personal property had been made to the defendant in the execution or not, and thereupon the court announced that the jury would be instructed that the action as against the defendant, Maggie McClenahan, to subject her land was barred by the statute of limitations   The counsel for plaintiff insisted, that the statute did not run in this case, but was suspended by section 26 of chapter 55 of Battle's Revisal.   The court held that said section did not apply to plaintiff's case, as she might have brought this action before the lapse of ten years from the date of docketing the judgment, to subject the land of the defendant, Maggie, and that the proviso to the section was intended only to protect the rights of creditors as against the revisionary interest in the homestead land, upon which the plaintiff sub-

mitted to a judgment of nonsuit and appealed. If anything can be certainly known from a statement so wanting in precision, it is that the plaintiff rested her case upon the single point that the bar of the statute was avoided, as to her debt, by reason of the provision of the law which forbids the sale of the reversionary interest in lands encumbered with a homestead.

Her counsel, it is true, took several other exceptions at the bar of this court, and so argued them as to carry the minds of the court with him as to one or more of them, but it does not appear that any of them were taken in the court below, and we have not felt at liberty therefore to consider them. If it was the purpose of counsel to raise such points, he ought not to have voluntarily submitted to a non-suit, but should have gone on and developed his whole case, and if they have occurred to him since the trial, it is too late.

As to the position taken that the plaintiff's action was saved from the statute by reason of the pendency of the defendant's action against her, and that she was allowed a year's grace after the reversal by this court of the judgment in her favor on her plea of counter-claim, a worse difficulty seems to meet her. Not only does there seem to have been no evidence offered at the trial in regard to the matter, but when we look to the complaint (the allegations of which are admitted in the answer as to this part of the case), we find nothing sufficiently definite to authorize us to act on. No date is fixed as to the time when the judgment in her favor was rendered, and none as to when it was reversed, except that it is all alleged to have been done since her purchase of the judgment in 1878. This last matter we have referred to because the counsel insisted that it was apparent on the record so as to be seen by the court, and we did not wish to seem to have overlooked it.

The only point, then, which we can consider is the one in relation to the effect of the statute, referred to in the court

below, as suspending the statute of limitations, and preventing its becoming a bar to the plaintiff's action on the judgment sued on.

We have had occasion to consider this statute in connection with the case of *McDonald* v. *Dickson*, decided at this term, and the construction given to it by us is the same with that put upon it by His Honor. There is no stay to the statute until there is an allotment of homestead, and then only as to the enforcement of the liens of docketed judg-ments upon the interest in reversion. As to all other debts and for all other purposes the statute runs

No error.                                    Affirmed.